UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Y.M.M.,

Petitioner,

v.

CAMMILLA WAMSLEY ET AL,

Respondent.

Case No. 2:25-cv-02075

ORDER GRANTING MOTION FOR ATTORNEY'S FEES

## I.    INTRODUCTION

Petitioner Y.M.M. obtained habeas relief when this Court held that she had been detained without any legal basis, in violation of the INA and her due process rights. Dkt. 14. She now moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. 16. Respondents agree that Y.M.M. is entitled to a fee award but dispute the amount of fees sought. With some minor deductions to the hours expended and the rate sought for paralegal work, the Court GRANTS Y.M.M.'s motion for attorney's fees.

## II.    LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

With respect to the reasonableness of fees and costs, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The parties agree that the applicable statutory rate for attorneys, adjusted for the cost of living, is $258.46 per hour. *Statutory Maximum Rates Under the Equal Access to Justice Act*, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Mar. 23, 2026). A "prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

### III.    FINDINGS OF FACT

1.    Petitioner Y.M.M., a citizen of Venezuela, entered the United States in December 2023 to seek asylum. She was detained after crossing the border and then released on her own recognizance pending her immigration court proceedings. But in

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 2

August 2025, a group of armed, masked ICE agents arrested Y.M.M. and took her to immigration detention while they were looking for someone else. There was no allegation that any change in circumstances warranted Y.M.M.'s re-detention, and she was not provided any notice or opportunity to be heard before she was re-detained. *See* Dkt. 14 at 1–3.

2.   On October 23, 2025, Y.M.M. filed a petition for writ of habeas corpus arguing that her detention violated the INA and her due process rights. Dkt. 1.

3.   On November 6, 2025, the Court granted Y.M.M.'s petition and ordered her immediate release from custody. Dkt. 14.

4.   Y.M.M. now seeks an award of $10,824.92 in attorney's fees and $5.00 in costs under the EAJA. Dkt. 21 at 4; Dkt. 22-2 at 2.

5.   Respondents agree that Y.M.M. is the prevailing party and is entitled to a fee award under the EAJA. Dkt. 20 at 1.

6.   Respondents dispute the amount of fees sought, arguing that some billing entries by Y.M.M.'s attorneys are duplicative or bill for unrecoverable clerical tasks. Respondents also dispute the billing rate for NWIRP's paralegals. *See id.*

7.   Respondents challenge 1.3 hours billed by paralegal Maltese for "drafting civil cover sheet, summonses, and exhibit [declaration]"; .3 hours billed by attorney Aldana Madrid for "emailing/outlining f/u filing plan w/ [Maltese], redacting i-213"; 1.3 hours billed by Aldana Madrid for "filing — final read through and finalizing ccs + summonses, opening case on ecf, filing all docs"; and .4 hours billed by Attorney Ng for "last edits to traverse, filing." Dkt. 20 at 2; *see* Dkt. 18-2.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 3

8. The 1.3 hours billed by Maltese to prepare the case origination documents and exhibit declarations are reasonable and not purely clerical work.

9. The Court will, however, subtract a total of .8 hours for Aldana Madrid and .2 hours for Ng because the undifferentiated time entries include purely clerical tasks such as redacting documents and e-filing. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

10. Respondents also challenge as excessive or duplicative .3 hours billed by attorney Kang for "reviewing case docket"; .5 hours billed by Ng for "edits to traverse, enter NOA"; and .3 hours for "notice of appearance, finalize traverse, team email discussion." Dkt. 20 at 2.

11. The Court will subtract .3 hours for Kang as excessive and .1 hours for Ng for the duplicative entry regarding the notice of appearance.

12. Finally, the Court will subtract a total of 6.9 attorney hours that were incurred preparing the original fee motion but were not claimed until the reply brief, depriving the government of a fair chance to respond. *See* Dkt. 22-1.

13. Apart from the above reductions, the hours otherwise sought by Petitioners were reasonably expended.

14. Respondents also argue that Petitioners did not submit sufficient evidence or argument to justify their paralegal rate of $255 per hour. Dkt. 20 at 3.

15. The Court agrees that the market rate for paralegal work should have been addressed in the motion. The Court will therefore reduce the paralegal rate to $236 per hour, which is the rate awarded to NWIRP paralegals (and unchallenged by the government) in recent cases in this district. *See, e.g.*, *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC (W.D. Wash.), Dkts. 31-1 (requesting paralegal rate of

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 4

$236), 34 at 6 (granting requested award); *Parada Calderon v. Bostock*, No. 2:24-cv-01619-MJP (W.D. Wash.), Dkts. 22-2, 28-2, 29 at 4 (same).

16.    This rate is also consistent with fee awards for paralegals in other comparable Ninth Circuit and Western District of Washington cases. *See, e.g.*, *Nat'l Family Farm Coalition v. E.P.A.*, No. 19-70115, 2023 WL 7017704, at *4 (9th Cir. Mar. 1, 2023) (awarding $225 per hour under the EAJA for legal assistant work performed in 2022); *Hill v. Continuum Global Solutions, LLC*, No. 2:12-cv-00717-JCC, 2026 WL 592270, at *3 (W.D. Wash. Mar. 3, 2026) (calculating lodestar check assuming paralegal rate of $250 per hour); *Human Rights Defense Ctr. v. Pacific County*, No. 3:24-cv-6068-BJR, 2025 WL 3294990, at *7 (W.D. Wash. Nov. 26, 2025) (awarding $225 per hour for paralegal work); *Cymbidium Restoration Trust v. Am. Homeowner Preservation Trust*, No. 2:24-cv-00025-KKE, 2025 WL 2592252, at *1 (W.D. Wash. Sept. 8, 2025) (awarding $235 per hour for litigation paralegal).

17.    The Court's reductions to the hours expended (8.3 hours x $258.46) total $2,145.22.

18.    The Court's reductions for the paralegal rate total $95.95.

19.    The fees sought minus the Court's reductions total $8,583.75.

## IV.    CONCLUSIONS OF LAW

1.    Y.M.M. is the prevailing party. 28 U.S.C. § 2412(d)(1)(A).

2.    Respondents' position was not substantially justified, and there are no other special circumstances that would make an award of fees under the EAJA unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 5

3.      With the deductions discussed in the findings of fact, the fees and costs sought by Y.M.M. are reasonable and in compliance with the EAJA. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(A).

4.      The Court awards Y.M.M. $8,583.75 in attorney's fees.

5.      The Court awards Y.M.M. $5.00 in costs.

## V.    CONCLUSION

The motion for attorney's fees (Dkt. 16) is GRANTED. Petitioner Y.M.M. is awarded fees and costs under the EAJA in the amount of $8,588.75. The judgment shall be amended to include the award in favor of Petitioner.

Dated this 24th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 6